UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
Petition of McCarthey Investments, LLC,  :
    Petitioner,  :  Index No. 07cv5617
  :
For an Order Pursuant to the Federal  :
Arbitration Act, 9 USC §1, et. seq.  :
Confirming an Arbitration Award,  :
  :
    -against-  :
  :
Abbas A.Shah, Linuxor Asset Management,  :
LLC and Linuxor Capital Management, LLC,  :
    Respondents.  :
-----------------------------------------------------------------x
-----------------------------------------------------------------x
Petition of 2001 Jane F. McCarthey GRAT No. 5,  :
    Petitioner,  :  Index No. 07cv5618
  :
For an Order Pursuant to the Federal  :  **AFFIDAVIT OF**
Arbitration Act, 9 USC §1, et. seq.  :  **ABBAS SHAH**
Confirming an Arbitration Award,  :
  :
    -against-  :
  :
Abbas A.Shah, Linuxor Asset Management,  :
LLC and Linuxor Capital Management, LLC,  :
    Respondents.  :
-----------------------------------------------------------------x
-----------------------------------------------------------------x
Petition of JFM Holdings L.P.,  :
    Petitioner,  :  Index No. 07cv5619
  :
For an Order Pursuant to the Federal  :
Arbitration Act, 9 USC §1, et. seq.  :
Confirming an Arbitration Award,  :
  :
    -against-  :
  :
Abbas A.Shah, Linuxor Asset Management,  :
LLC and Linuxor Capital Management, LLC,  :
    Respondents.  :
-----------------------------------------------------------------x

STATE OF NEW YORK      )
                                       ) ss:
COUNTY OF NEW YORK  )

        Abbas Shah, duly sworn, states:

1.        I make the statements in this affidavit under oath and under penalty of perjury in opposition to the Motion to Confirm Arbitration Awards made by the National Futures Association ("NFA") arbitration panel (the "Panel") in the above captioned matters.

2.        I reside at 188 East 78th Street, Apartment 11A, New York, NY and am the managing member of Linuxor Asset Management, LLC and Linuxor Capital Management, LLC, Delaware Limited Liability Companies (the "Companies").

3.        On or about May 3, 2006, the NFA appointed a three-member panel to conduct a hearing prompted by a Demand for Arbitration served upon me and the Companies by McCarthey Investments, LLC ("McCarthey").

<u>The Panel</u>

4.        Each of the arbitrators chosen for the Panel had biases and/or improprieties which unfairly prejudiced my rights and the rights of the Companies, and which were not fully disclosed prior to the hearing. The individual infections of the Panel, in combination with the unjust and unfair decisions actually rendered by the Panel during the course of the arbitration hearings, demonstrate such a serious flouting of the governing statute and rules as to call into question the essential purposes and policies of the NFA dispute resolution process.

5.        The Chairman of the Panel, Mr. Charles P. Nastro, was a former head of the NFA and adjudicated the arbitration hearings under the preconceived notion that the NFA could do no wrong. During the course of the hearing, he refused to question evidentiary documents submitted by the NFA, despite my counsel's attempt to examine them, and justifying his ruling saying "These are <u>NFA</u> documents."

2

6. A second member of the Panel had further conflicts of interest undisclosed at the time of the Panel's selection. During the course of the hearings, I learned that Panel member, James D. Yellen, was a school classmate of McCarthey's attorney, Anthony Djinis. Yellen and Djinis were regularly observed in <u>ex parte</u> conversations during hearing breaks and to which no other party to the hearing was present.

7. Incredibly, the third panel member, Henry Maringer, also failed to disclose improprieties prior to his selection to the Panel. Subsequent to the proceedings, I learned that Mr. Maringer was sanctioned by the CFTC and was issued a cease and desist order along with a $10,000 penalty. I learned of this fact through CFTC Proceedings Bulletin as of 12/31/04 on page 217 (Docket # 86-36 / 09/30/86 / Reg. Violated: 166.3). It is simply incredible that Mr. Maringer could be permitted to sit on a panel while hiding his past misconduct from Respondents.

8. Despite biases or improprieties for all three of the Panel members, none of these backgrounds and conflicts of interest were fully disclosed to the Respondents so that we might have exercised our right to object to potential arbitration panel members when an indication of bias or impropriety exists.

9. The Arbitrators' biases were exhibited through specific acts taken by the Panel against the Respondents over the course of the arbitration proceedings.

## The Process

10. The Panel collectively exhibited misconduct by acting contrary to NFA guidelines and refusing to postpone the hearings upon a reasonable request to do so. The Panel unfairly refused to grant Respondents any time whatsoever to acquire additional funds necessary to retain counsel for the duration of the arbitration hearings. Demonstrating the disparate treatment of the Respondents from other parties to the proceeding, the Panel had previously granted McCarthey's

3

attorney substantial extensions of time to procure evidence and prepare their case. Despite this, when Respondents requested an extension three weeks prior to the hearing to secure funds for legal fees, the Panel replied only three days before the hearing was to begin and denied the request. When I informed the Panel that our attorney could not continue representing us without the payment of some past due legal fees, the Panel still arbitrarily refused our request without explanation. (*See* Exhibit A attached.)

### The NFA Audit Supervisor

11. Despite the NFA ultimately acknowledging that its auditors, in a routine audit, erroneously concluded that the Companies' brokerage statements showed two separate accounts, when there was in fact only one, I was threatened and berated by the NFA supervisor responsible for the audit, Sheryl Tulino, when attempting to correct the NFA's mistaken conclusions prior to the hearing. I was threatened by Ms. Tulino when she disparaged me saying "Can't you Indians speak English? [I am of Pakistani background] I'm going to see to it that you foreigners are sent back to where you came from."

12. Claimant Phillip McCarthey testified at the hearing that Ms. Tulino had telephoned him to tell him to withdraw his money from the Linuxor fund, citing NFA's erroneous conclusion that the Companies were trading in two separate accounts, when in fact there was only one account, as the NFA ultimately acknowledged. The hostility of Ms. Tulino, the NFA audit supervisor, essentially made her an ally of McCarthey Investments, LLC during the course of the hearings and seemed to support him in his filing of claims that were false and unwarranted.

### The Statute of Limitations

13. The Panel completely disregarded the NFA's own statute of limitations rule stating that the NFA cannot undertake arbitration of a claim if "more than two years have passed

since the party making the claim knew (or should have known) of the acts or transactions that are the subject of the dispute." *NFA Arbitration – Resolving Customer Disputes, p. 3.* The Panel allowed McCarthey to change its original claim from one claimant to add two additional claimants more than one month after the two year Statute of Limitations deadline for filing. McCarthey's advisor, Mr. Eggers, testified at his deposition that I informed him in August 2002 (three years before the claim was filed) of the substantial losses incurred since the start of the fund occurring in 2002. He also testified that he had informed McCarthey at the time of these losses by means of both email and verbal discussions. There is an abundance of evidence showing continuous communications between myself and McCarthey and Mr. Eggers during 2002 and 2003. Despite his own testimony clearly in contradiction, McCarthey's complaint to the NFA claimed that he was not aware of the losses in its portfolio until he received a K1 on August 26th, 2003.

14.     This complaint to the NFA was filed on August 26th, 2005, just one day before the Statute of Limitations, according to McCarthey's story. In fact, Mr. McCarthey is on record as having told me personally in January 2003 that "we didn't hit the home run we had hoped for, but just keep your head down and keep trading and maybe we can make it." The Panel purposefully ignored all of this evidence in an effort to enable McCarthey's otherwise untimely claims to be triable.

15.     The Panel's bias continued until the final decision, when the Panel awarded the Claimant his entire original investment, without explanation. In effect, McCarthey, who very deliberately and knowingly made an investment in a high risk/high reward strategy with full knowledge of these risks, was granted a retroactive return of his entire investment, shifting all of the risk of loss to us as Respondents.

WHEREFORE, we respectfully request that Petitioners' Petition to Confirm be denied.

_____
Abbas Shah

Sworn to before me
September 7, 2007

_____
Notary Public

N. CAMERON RUSSELL
Notary Public, State of New York
No. 02RU6170732
Qualified in New York County
Commission Expires July 16, 2011

EXHIBIT A

# Hartman & Craven llp
488 MADISON AVENUE
NEW YORK, N.Y. 10022

TEL: (212) 753-7500
FAX: (212) 688-2870
www.hartmancraven.com

Edward A. White, Partner
Direct Line: (212) 754-6911
ewhite@hartmancraven.com

January 9, 2007

**By Fed Ex**
Heather A. Cook
Senior Case Analyst
National Futures Association
200 West Madison Street, Suite 1600
Chicago, Illinois 60606

     Re:    05-ARB-107 - **McCarthey Investments, LLC v. Linuxor Asset Mgmt., LLC, et al.**
            05-ARB-132 - **JFM Holdings L.P. v. Linuxor Asset Mgmt., LLC, et al.**
            05-ARB-133 - **2001 Jane F. McCarthey GRAT No. 5 v. Linuxor Asset Mgmt., LLC, et al.**

Dear Ms. Cook:

     On behalf of Respondents, Linuxor Asset Management, LLC, Linuxor Capital Management, LLC and Abbas A. Shah, I am writing to request an adjournment of the continued hearings of the above-named arbitrations (the "Arbitrations"). The continued hearings are now scheduled for January 23 and 24. I request an adjournment until March or April to allow my clients time to raise additional funds to proceed.

     Granting this adjournment will permit Respondents the time they need to raise additional funds for long overdue legal fees. Respondents' finances, which were limited to begin with, are now depleted from expenses incurred in defending both these proceedings and the CFTC action, making it necessary for Respondents to borrow funds to continue to pay their attorneys' fees. Respondents have exhausted all of their resources, and now, they face the very real possibility that they will not be able to afford to present their defenses. If these proceedings are adjourned, Respondents tell me that they expect to be able to raise money to fund their defense in both proceedings.

     With this in mind, Respondents request that the two hearing dates, currently scheduled for January 23 and 24, be stayed until March.

     I enclosed a copy of the affidavit of Abbas Shah in support of this request.

     Thank you for your attention to this matter, and please call if you wish to discuss any of this further.

                                                                         Very truly yours,

                                                                       Edward White

Hartman & Craven llp

cc:     Anthony W. Djinis, Esq.



## IN ARBITRATION
## BEFORE
## NATIONAL FUTURES ASSOCIATION

| | |
|---|---|
| McCarthey Investments, LLC., <br>     Claimant, <br><br> v. <br><br> Linuxor Asset Management LLC., <br> Linuxor Capital Management, LLC, <br> Adam Bornstein, and Abbas Shah, <br>     Respondents. | 05-ARB-107 <br><br><br><br> Consolidated for Hearing |
| JFM Holdings, LP, <br>     Claimant, <br><br> v. <br><br> Linuxor Asset Management LLC., <br> Linuxor Capital Management, LLC, <br> Adam Bornstein, and Abbas Shah, <br>     Respondents. | 05-ARB-132 <br><br><br><br> Consolidated for Hearing |
| 2001 Jane F. McCarthey GRAT. No. 5, <br>     Claimant, <br><br> v. <br><br> Linuxor Asset Management LLC., <br> Linuxor Capital Management, LLC, <br> Adam Bornstein, and Abbas Shah, <br>     Respondents. | 05-ARB-133 |

### ORDER

We, the arbitrators appointed to review and determine this matter, have considered Respondents' request for postponement of the final hearing sessions and Claimants' objections.

The Panel denies Respondents' request. The final two hearing sessions will take place as scheduled January 23 and 24, 2007.

Dated: Jan 16, 2007

By: _____
Charles P. Nastro, Chairperson
On behalf of the Panel