# EXHIBIT  D

 

NATIONAL FUTURES ASSOCIATION

May 3, 2006

Mr. Paul Bazil                          Mr. Richard O'Hare
Mr. Anthony Djinis                      O'Hare Parnagian LLP
Pickard & Djinis LLP                    82 Wall Street
1990 M Street NW                        Suite 300
Washington, DC 20036                    New York, NY 10005

Mr. Edward White
Hartman & Craven LLP
488 Madison Avenue
New York, NY 10022

Re:  05-ARB-107 – <u>McCarthy Investments LLC v. Linuxor Asset Management, LLC, et al.</u>
     05-ARB-132 – <u>JFM Holding, L.P. v. Linuxor Asset Management, LLC, et al.</u>
     05-ARB-133 – <u>2001 Jane F. McCarthy Grat No. 5 v. Linuxor Asset Management,
                  LLC, et al.</u>

Dear Messrs. Bazil, Djinis, O'Hare and White:

        This letter addresses the appointment of the arbitrators.  If you wish to
respond to this letter, you must do so by, May 15, 2006.

        Under Section 4(c) of the Code of Arbitration, National Futures Association
has appointed the following arbitrators to review this hearing:

        Stephen Selig, Chairperson        Attorney
        James Yellen                      Attorney
        Henry Maringer                    Industry Professional

        I have enclosed a copy of the front side of the Arbitrator Profile for each
arbitrator.

        The arbitrators are required to disclose to NFA any circumstances likely
to affect their impartiality, such as any interest in the outcome of the dispute or any
relationship with the parties.  NFA's rules also require each party to disclose to NFA
any circumstances likely to affect an arbitrator's impartiality.  Any party who fails to
disclose that information will waive the right to object to the arbitrator based on those
circumstances.



None of the arbitrators has made any disclosures, and NFA has determined that they are qualified under the arbitration rules to resolve these disputes. However, if you believe any arbitrator cannot render a fair and impartial decision, you must notify me immediately. Any objection must be specific and for cause, and submitted to me in writing no later than, May 15, 2006.

Section 4(f) of the Code, prohibits the parties from communicating with the arbitrators. You should address any communications about these cases to Heather Cook, the NFA Case Administrator.

I am enclosing a June calendar indicating the time frame NFA intends to schedule the pre-hearing teleconference. Please return these calendars with your unavailable dates to NFA by May 15, 2006 and note that NFA requires a written explanation with supporting documentation for all unavailable dates. *If this supporting documentation is not provided, NFA will consider the dates open and schedule the teleconference accordingly*. Please notify me of your availability by and returning it to me by May 15, 2006.

If you have any questions concerning the arbitrator, please contact me at (312) 781-1431. If you have any other questions please contact Heather Cook at (312) 781-1481.

Sincerely,

Judy Jenks
Senior Arbitrator Coordinator


cc:    Stephen Selig
       James Yellen
       Henry Maringer


Enclosures

Please type or print          ☑ Check appropriate boxes

| Name (last, first, middle initial) | Title |
|---|---|
| MARINGER, HENRY | PRESIDENT |

| Firm | Telephone |
|---|---|
| WOODHAVEN ASSOCIATES LTD. | ( 203 ) 622-6359 |

Business Address:

Street 140 GREENWICH AVE. - 4TH FL.

City GREENWICH    State CT    Zip 06830

Type of business or practice: INT'L COMMODITIES TRADING

Please provide your NFA ID# if you are or were registered with the
Commodity Futures Trading Commission (CFTC):    0007770

CFTC Registration Status:
☐ Futures Commission Merchant        ☐ Introducing Broker
☐ Commodity Pool Operator            ☐ Floor Broker
☐ Commodity Trading Advisor          ☐ Leverage Transaction Merchant
☑ Associated Person                  ☐ N/A

Have you, for a total of 10 years or more, been registered with the CFTC or employed by a CFTC registrant(s)?
☑ YES    ☐ NO

| TITLE | FIRM | FROM/TO |
|---|---|---|
| WOODHAVEN ASSOCIATES LTD / | PRESIDENT | PRESENT |
| MARINGER COMMODITIES | " | 1995-1998 |
| NORTHWOOD FINANCIAL SERVICES | A P | PRESENT |
| LBM GROUP | SENIOR ADVISOR (COMMODITIES) | PRESENT |
| SYNERGY INTERNATIONAL INC. | DIRECTOR | 1991-1994 |
| EF HUTTON | VICE PRESIDENT | 1985-1988 |

Please type or print          ☑ Check appropriate boxes

| | |
|---|---|
| **Name** (last, first, middle initial) <br> *YELLEN, JAMES D.* | **Title** <br> *Vice-President, Jr. Atty.* |
| **Firm** <br> *MORGAN STANLEY DEAN WITTER* | **Telephone** <br> *( 212 ) 392-3399* |

**Business Address:**

Street    *2 WORLD TRADE CENTER, 65th Fl.*

City    *NY*        State    *NY*        Zip    *10048*

Type of business or practice:    *SEC. LAW*

Please provide your NFA ID# if you are or were registered with the          *MAR 19*
Commodity Futures Trading Commission (CFTC):

CFTC Registration Status:

☐ Futures Commission Merchant          ☐ Introducing Broker
☐ Commodity Pool Operator              ☐ Floor Broker
☐ Commodity Trading Advisor            ☐ Leverage Transaction Merchant
☐ Associated Person                    ☐ N/A

Have you, for a total of 10 years or more, been registered with the CFTC or employed by a CFTC registrant(s)?
☐ YES    ☐ NO

| TITLE | FIRM | FROM/TO |
|---|---|---|
| *SENIOR ATTORNEY* | *MORGAN STANLEY DEANWITTER* | *12/95 - present* |
| *COUNSEL* | *BROWN & WOOD* | *1/92 - 12/95* |
| *ASSOCIATE* | *BROWN & WOOD* | *12/85 - 1/92* |
| | | |

Please type or print          ☑ Check appropriate boxes

| Name (last, first, middle initial) | Title |
|---|---|
| SELIG, STEPHEN F. | SENIOR COUNSEL |

| Firm | Telephone |
|---|---|
| Brown Raysman Millstein Felder & Steiner LLP | (212) 895 2617 |

Business Address:

Street  900 THIRD AVE

| City | State | Zip |
|---|---|---|
| NY | NY | 10022 |

Type of business or practice:  Derivatives regulation

Please provide your NFA ID# if you are or were registered with the
Commodity Futures Trading Commission (CFTC):

CFTC Registration Status:

☐ Futures Commission Merchant          ☐ Introducing Broker
☐ Commodity Pool Operator              ☐ Floor Broker
☐ Commodity Trading Advisor            ☐ Leverage Transaction Merchant
☐ Associated Person                    ☐ N/A

Have you, for a total of 10 years or more, been registered with the CFTC or employed by a CFTC registrant(s)?
☐ YES          ☑ NO

| TITLE | FIRM | FROM/TO |
|---|---|---|
| Senior Counsel | Brown Raysman, et al | Jan 2001 - date |
| | Baer Marks & Upham LLP | Feb 1988 - 12/31/2001 |

## June 2006

| SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY |
|--------|--------|---------|-----------|----------|--------|----------|
|        |        |         |           | 1        | 2      | 3        |
| 4      | 5      | 6       | 7         | 8        | 9      | 10       |
| 11     | 12     | 13      | 14        | 15       | 16     | 17       |
| 18     | 19     | 20      | 21        | 22       | 23     | 24       |
| 25     | 26     | 27      | 28        | 29       | 30     |          |

# EXHIBIT  E



 NATIONAL FUTURES ASSOCIATION

August 14, 2006

VIA FACSIMILE & US MAIL TO ALL PARTIES

Mr. Paul Bazil                           Mr. Edward White
Pickard and Djinis LLP                   Hartman & Craven LLP
1990 M Street, N.W.                      488 Madison Avenue
Washington, D.C. 20036                   New York, New York 10022

Mr. Robert O'Hare, Jr.
O'Hare Parnagian LLP
82 Wall Street
Suite 300
New York, New York 10005

Re:    05-ARB-107 – McCarthy Investments LLC v. Linuxor Asset Mgmt., et al.
       05-ARB-132 – JFM Holdings L.P. v. Linuxor Asset Mgmt. LLC, et al.
       05-ARB-133 – 2001 Jane F. MCarthey GRAT No. 5 v. Linuxor Asset Mgmt.
             et al.

Dear Messrs. Bazil, White and O'Hare:

        Enclosed is the Panel's Order denying Respondents' Motion to Dismiss.

        In addition one of the arbitrators on the case has discovered he has a conflict with part
of the scheduled hearing dates. We could begin the arbitration on October 23, 24, and a half day on
the 25th but would need to re-schedule any additional days that are needed. These additional days
could either be the week before or possibly the week after. If the parties do not want to split the days I
will need alternate agreed upon dates or your availability during October or November to reschedule.

        Please provide your preference and information on availability to me no later then
August 24, 2006. I appreciate your patience, if you have any questions please contact me by phone
at (312) 781-1481.

                            Sincerely,

                            Heather A. Cook
                            Senior Case Analyst

hab/05107order

cc:  Stephen Selig
     Henry Maringer
     James Yellen

# NFA

IN ARBITRATION
BEFORE
NATIONAL FUTURES ASSOCIATION

| | | |
|---|---|---|
| McCarthey Investments, LLC., | ) | |
| Claimant, | ) | |
| | ) | |
| v. | ) | 05-ARB-107 |
| | ) | |
| Linuxor Asset Management LLC., | ) | |
| Linuxor Capital Management, LLC, | ) | |
| Adam Bornstein, and Abbas Shah, | ) | |
| Respondents. | ) | |
| | ) | |
| ———————————————— | ) | Consolidated for Hearing |
| | ) | |
| JFM Holdings, LP, | ) | |
| Claimant, | ) | |
| | ) | |
| v. | ) | 05-ARB-132 |
| | ) | |
| Linuxor Asset Management LLC., | ) | |
| Linuxor Capital Management, LLC, | ) | |
| Adam Bornstein, and Abbas Shah, | ) | |
| Respondents. | ) | |
| | ) | |
| ———————————————— | ) | Consolidated for Hearing |
| | ) | |
| 2001 Jane F. McCarthey GRAT. No. 5, | ) | |
| Claimant, | ) | |
| | ) | |
| v. | ) | 05-ARB-133 |
| | ) | |
| Linuxor Asset Management LLC., | ) | |
| Linuxor Capital Management, LLC, | ) | |
| Adam Bornstein, and Abbas Shah, | ) | |
| Respondents. | ) | |
| | ) | |

## ORDER

We, the arbitrators appointed to review and determine this matter, have conducted a preliminary hearing to decide Respondents' motion to dismiss. The Panel has also reviewed and considered all written submissions relating to the motion. The Respondents' motion to dismiss is denied without prejudice.


Dated:  8-14-06                          By: _____

                                         Henry Maringer, Panelist
                                         On behalf of the Panel

# EXHIBIT  F

**NFA**

## NATIONAL FUTURES ASSOCIATION

| | |
|---|---|
| In the Matter of the Arbitration Between ) | |
| ) | |
| JFM Holdings L.P., ) | |
| Claimant, ) | |
| ) | |
| v. ) | AWARD |
| ) | |
| Linuxor Asset Management, LLC, ) | |
| Linuxor Capital Management, LLC, ) | |
| Adam S. Bornstein, and Abbas Shah, ) | |
| Respondents. ) | |

Re:    05-ARB-132

The following issues were presented to and decided by the undersigned arbitrators: fraudulent concealment, breach of contract, breach of fiduciary duty, breach of implied covenant of fair dealing, fraudulent inducement, Claimant's request for punitive damages, attorney's fees, costs and interest and Respondents' request for attorney's fees and costs.

We, being the arbitrators appointed to review and determine this matter in accordance with National Futures Association's Code of Arbitration, hereby determine that the following relief shall be granted.

Linuxor Asset Management, LLC, Linuxor Capital Management, LLC and Abbas Shah shall pay to JFM Holdings L.P.:

| | | |
|---|---|---|
| Compensatory Damages | $ | 3,259,613.00 |
| Punitive Damages | $ | 0.00 |
| Treble Damages | $ | 0.00 |
| Interest | $ | 795,234.00 |
| Attorney's Fees | $ | 0.00 |
| Other Costs | $ | 0.00 |
| Total Amount of Award | $ | 4,054,847.00 |

Respondents Linuxor Asset Management LLC, Linuxor Capital Management, LLC and Abbas Shah are jointly and severally liable. During the course of the hearing, Claimant withdrew its claims against Respondent Adam S. Bornstein.

All other relief requested is hereby denied.

Each party shall bear its own costs and fees as incurred.

_Charles P. Nastro_
Charles P. Nastro, Chairman

Date of Award:  <u>March 5, 2007</u>

_____
Henry Maringer, Arbitrator


_____
James D. Yellen, Arbitrator

_____        Date of Award:  <u>March 5, 2007</u>

Charles P. Nastro, Chairman

_____

Henry Maringer, Arbitrator


_____

James D. Yellen, Arbitrator

_____

Charles P. Nastro, Chairman

Date of Award:  <u>March 5, 2007</u>

_____

Henry Maringer, Arbitrator

*James D. Yellen*

James D. Yellen, Arbitrator

3/9/07



## AFFIDAVIT OF SERVICE

I, Heather A. Cook state under oath that on March 15, 2007, I
served copies of the attached Award by sending copies via two-day Federal
Express, in envelopes addressed as follows:

Mr. Paul Bazil                         Mr. Edward White
Pickard and Djinis LLLP                Hartman & Craven LLP
1990 M Street, N.W.                    488 Madison Avenue
Washington, D.C.  20036                New York, New York  10022

Mr. Robert O'Hare Jr.
O'Hare Parnagian, LLP
82 Wall Street
Suite 300
New York, New York  10005

_____
Heather A. Cook

Subscribed and sworn to before me
this 15th day of March, 2007.

_____
Notary Public

```
OFFICIAL SEAL
Judy Jenks
Notary Public, State of Illinois
My Commission Expires 05-28-08
```

# EXHIBIT  G

*pre Cash*

# PICKARD AND DJINIS LLP

### ATTORNEYS AT LAW

1990 M STREET, N.W.

WASHINGTON, D. C. 20036

TELEPHONE
(202) 223-4418

TELECOPIER
(202) 331-3813

April 16, 2007

<u>Via Overnight Delivery</u>

Heather A. Cook
Senior Case Analyst
National Futures Association
200 West Madison Street
Suite 1600
Chicago, IL  60606

Re:    05-ARB-107 McCarthey Investments LLC v. Linuxor Asset Mgmt, et. al.
05-ARB-132 JFM Holdings L.P. v. Linuxor Asset Mgmt,et. al.
05-ARB-133 2001 Jane F. McCarthey GRAT No. 5. v. Linuxor Asset
Mgmt, et. al.

Dear Ms. Cook:

Enclosed herewith are the three completed Notices of Unpaid Awards in respect
of the three NFA arbitration proceedings described above.

Very truly yours,

Paul J. Bazil

cc.:    Todd M. Brashear

Mar-20-07    12:23pm    From-Nationa    tures    3127811467    T-406    P.002/002    F-149



NATIONAL FUTURES ASSOCIATION

Mc Carthey Investments, LLC )
_____ )
_____ )
Claimant(s) )
)
)
)
Linfor Asset Management, LLC )
Linufor Capital Management, LLC )
Abbas A. Shah )
Respondent(s)

Case No. 05 - ARB - 107

## NOTICE OF UNPAID AWARD

This is to inform National Futures Association that the Award of

$ 4,054,847.00 in the arbitration proceeding between McCarthey Investments

Linfor Asset Management

Claimant(s) and Linfor Capital Management ; Respondent(s), has not been received

Abbas A. Shah

as of this ____15th____ day of __April__ , __2007__ . I swear under

penalty of perjury that this information is true and correct.

_____
Signature of Party or Authorized
Representative

ecs:\forms\unpdaward



NATIONAL FUTURES ASSOCIATION

J F H  Holdings  L.P.            )
                                     )
                                     )
                                     )
            Claimant(s)            )      Case No. _05_ - ARB - _132_
                                     )
                                     )
                                     )
Linukor Asset Management, LLC      )
                                     )
Linukor Capital Management, LLC    )
                                     )
Abbas A. Shah                            )
            Respondent(s)

NOTICE OF UNPAID AWARD

This is to inform National Futures Association that the Award of

$ 4,054,847.00 in the arbitration proceeding between JFH Holdings, LP

Claimant(s) and _Linukor Asset Management_ _Linukor Capital Management_ _Abbas A. Shah_, Respondent(s), has not been received

as of this _____15ᵗʰ_____ day of __April__ , __2007__ . I swear under

penalty of perjury that this information is true and correct.

                                                _____
                                                Signature of Party or Authorized
                                                 Representative

ecs:\forms\unpdaward



NATIONAL FUTURES ASSOCIATION

2001 Jane F. McCartney GRAT No. 5     )
_____      )
_____      )
                                     )
            Claimant(s)              )        Case No. 05 - ARB - 133
                                     )
                                     )
                                     )
Linwxor Asset Management             )
Linwxor Capital Management           )
Abhas A. Shah                        )
            Respondent(s)

NOTICE OF UNPAID AWARD

This is to inform National Futures Association that the Award of

$ 1,216,453.00 in the arbitration proceeding between 2001 Jane F. McCartney GRAT No. 5

Claimant(s) and Linwxor Asset Management / Linwxor Capital Management / Abbas A. Shah Respondent(s), has not been received

as of this ____15th____ day of ____April____ , ____2007____ . I swear under

penalty of perjury that this information is true and correct.


                                    _____
                                    Signature of Party or Authorized
                                    Representative


ecs:\forms\unpdaward

# EXHIBIT H

## TERMINATION AND GENERAL RELEASE

This Termination and General Release (the "Agreement") is entered this 28 day of January 2003, by and among Linuxor Capital Management LLC, a Delaware limited liability company, and all of its affiliates ("LCM"), Linuxor Asset Management LLC, a Delaware limited liability company, and all of its affiliates ("LAM"), Abbas Shah ("Shah") and Adam Bornstein ("Bornstein").

WHEREAS, Bornstein is a Member of LCM and RAIG (the "Companies") and is subject to the Terms and Conditions of the Operating Agreements of LCM and LAM (the "Operating Agreements");

WHEREAS, Bornstein has determined he wishes to resign from Companies' membership, to terminate any and all powers, duties, and responsibilities Bornstein has with respect to Companies, and to terminate Bornstein's Interest in Companies;

NOW THEREFORE, in consideration of the mutual covenants and conditions hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. All advances, loans, and any and all other financial obligations that Bornstein has with respect to the Companies are hereby discharged.

2. Bornstein will receive the sum of One Dollar ($1.00) as payment in full for his Interest in Companies.

3. Bornstein, on behalf of himself, his heirs, administrators and assigns (the "Releasor") hereby agrees, and releases and forever discharges the Companies, the Managing Member and each of their, subsidiaries, and affiliates, and each of their respective members, officers, directors, employees, servants and agents, and their successors and assigns (the "Releasees") jointly and severally from any and all actions, causes of action, contracts and covenants, whether express or implied, claims and demands for damages, indemnity, costs, interest, loss or injury of every nature and kind whatsoever arising, which Releasor may heretofore have had, may now have, or may hereafter have and without limiting the generality of the foregoing, all claims in any way relating to: Releasor's membership, buyout and termination of membership in the Companies or the termination of employment of Releasor by Releasees.

4. Releasees, on behalf of the Companies, the Managing Member, and the Members hereby agree, and release and forever discharge Releasor from any and all actions, causes of action, contracts and covenants, whether express or implied, claims and demands for damages, indemnity, costs, interest, loss or injury of every nature and kind whatsoever arising, which Releasee may heretofore have had, may now have, or may hereafter have and without limiting the generality of the foregoing, all claims in any way relating to or arising from: Releasor's membership, buyout

1

and termination of membership in the Companies or the employment or termination of employment of Releasor.

5. Releasor hereby agrees and specifically covenants, represents and warrants to Releasees that Releasor has no further claims against Releasees for or arising out of:

    a. Releasor's membership or removal or buyout from membership in Companies, employment or separation from Companies, or terms of such membership, buyout, employment or employment separation;

    b. any employee benefit plans whether or not arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA");

    c. any discrimination claim whether or not arising under any local, state or federal law or regulation, public policy or common law (including without limitation, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Older Workers Benefit Protection Act); or

    d. any state, federal or local statute, regulation, public policy, contract or tort principle in any way governing or regulating Releasor's membership in, or removal or buyout from membership in the Companies or employment, or termination, or terms of employment or termination of employment.

6. It is expressly agreed and understood that this Agreement is a general release by all parties hereto from all claims known or unknown.

7. Nothing in this Agreement is a waiver of any rights or claims (including any which may arise under the Age Discrimination in Employment Act) that may arise after the date of execution by me, or which, as a matter of law, cannot be released or waived.

**IT IS UNDERSTOOD AND AGREED** that the giving of the aforementioned consideration is deemed to be no admission of liability on the part of Releasee, said liability being in fact denied.

Adam Bornstein

131 West 82nd Street, Apt. 6B
New York, NY 10024
USA

For: Linuxor Asset Management LLC
For: Linuxor Capital Management LLC

By: _____
    Abbas Shah
    Managing Member

By: _____
    Abbas Shah

2

# EXHIBIT I

```
<DOCUMENT>
<TYPE>8-K
<SEQUENCE>1
<FILENAME>pivx_8k-040305.txt
<TEXT>
<PAGE>
```

===============================================================================

UNITED STATES

SECURITIES AND EXCHANGE COMMISSION

WASHINGTON, DC 20549

_____

FORM 8-K

CURRENT REPORT

PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

DATE OF REPORT (DATE OF EARLIEST EVENT REPORTED): APRIL 3, 2005

PIVX SOLUTIONS, INC.
(EXACT NAME OF REGISTRANT AS SPECIFIED IN CHARTER)

| NEVADA | 000-33625 | 87-0618509 |
|---|---|---|
| (State or Other Jurisdiction of Incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

23 CORPORATE PLAZA
SUITE 280
NEWPORT BEACH, CALIFORNIA          92660
(Address of Principal Executive Offices)   (Zip Code)

(949) 999-1600
(Registrant's telephone number, including area code)

    Check the appropriate box below if the Form 8-K filing is intended to
simultaneously satisfy the filing obligation of the registrant under any of the
following provisions:

    [ ]  Written communications pursuant to Rule 425 under the Securities Act
         (17 CFR 230.425)

    [ ]  Soliciting material pursuant to Rule 14a-12 under the Exchange Act
         (17 CFR 240.14a-12)

    [ ]  Pre-commencement communications pursuant to Rule 14d-2(b) under the
         Exchange Act (17 CFR 240.14d-2(b))

[ ]  Pre-commencement communications pursuant to Rule 13e-4(c) under the
     Exchange Act (17 CFR 240.13e-4(c))

===============================================================================

<PAGE>

INFORMATION TO BE INCLUDED IN THE REPORT

ITEM 1.01.    ENTRY INTO A MATERIAL DEFINITIVE AGREEMENT.

        On April 3, 2005, PivX Solutions, Inc. (the "Company") entered into an
amendment (the "Loan Amendment") to the Promissory Note and Revolving Loan
Agreement (the "Shively Loan Agreement") effective as of January 20, 2005 by and
among Robert N. Shively, Geoff Shively (the "Shivelys") and the Company. The
Loan Amendment modifies the repayment provisions of the Shively Loan Agreement
to provide that for a twenty-four month term beginning on May 15, 2005, and on
the 15th of every month thereafter, the Company will pay (i) Robert N. Shively
$14,792 a month, for a total of $355,000 by the end of the term, and (ii) Geoff
Shively $4,792 a month, for a total of $115,000 by the end of the term. In
addition, pursuant to a letter agreement (the "Share Transfer Restriction
Agreement") dated as of April 3, 2005, the Shivelys agreed that for a period of
six months beginning on May 15, 2005, they will not offer, sell, contract to
sell, pledge, grant or otherwise dispose of more than 20,000 shares of common
stock, par value $.001 per share, of the Company ("Common Stock"), respectively,
in any one month period. The foregoing descriptions of the Loan Amendment and
the Share Transfer Restriction Agreement are qualified in their entirety by
reference to the Loan Amendment and Share Transfer Restriction Agreement which
are filed as Exhibits 10.1 and 10.2 hereto, and incorporated herein by
reference.

ITEM 1.02.    TERMINATION OF A MATERIAL DEFINITIVE AGREEMENT.

        In connection with the resignation of Robert N. Shively as President,
Treasurer, Chief Executive Officer and Acting Chief Financial Officer of the
Company, as described below under Item 5.02(b), the Company terminated its
employment agreement dated June 1, 2001 with Mr. Shively, effective April 3,
2005. Mr. Shively will receive no further compensation or benefits under the
employment agreement.

ITEM 3.02.    UNREGISTERED SALES OF EQUITY SECURITIES.

        On January 12, 2005, the Company began a private placement offering of
up to 4 million shares of Common Stock at $1.50 per share to accredited
investors, with each share purchased receiving a warrant to purchase a share of
Common Stock with an exercise price of $4.00. To date, 656,304 shares have been
sold. These sales were exempt from registration under the Securities Act
pursuant to Section 4(2) of the Securities Act of 1933, as amended (the
"Securities Act") or Regulation D under the Securities Act. On April 5, 2005,
the Company amended the private placement offering and reduced the purchase
price on the shares of Common Stock to $0.50 and the exercise price of the
related warrant to purchase a share of Common Stock to $3.00.

ITEM 4.01.    CHANGES IN REGISTRANT'S CERTIFYING ACCOUNTANT.

        On April 4, 2005, Singer Lewak Greenbaum & Goldstein LLP ("Singer")
resigned as the Company's Independent Registered Public Accounting Firm.
Singer's report on the consolidated financial statements of the Company for the
year ended December 31, 2004, filed with the Securities and Exchange Commission
on Form 10-KSB on April 1, 2005, did not contain any adverse opinion or

(Page 2 of 7 Pages)

<PAGE>

disclaimer of opinion, nor was it qualified or modified as to audit scope, procedure or accounting principles; however, Singer's report on the consolidated financial statements of the Company included explanatory language regarding substantial doubt about the Company's ability to continue as a going concern.

During the Company's fiscal year ended December 31, 2004 and the subsequent interim period through April 4, 2005, there were no disagreements between the Company and Singer on any matter of accounting principles or practices, financial statement disclosure, or auditing scope or procedure, which disagreements, if not resolved to Singer's satisfaction, would have caused them to make reference to the subject matter of the disagreement in connection with its report on the Company's consolidated financial statements for such year; and there were no reportable events as described in Item 304(a)(1)(iv) of Regulation S-B. The Company provided Singer with a copy of the foregoing disclosures. Attached as Exhibit 16 is a copy of Singer's letter, dated April 6, 2005, stating its agreement with the disclosures above.

ITEM 5.01.    CHANGE IN CONTROL OF REGISTRANT.

On April 3, 2005, the Lotus Fund, Inc. (the "Lotus Fund") entered into a Stock Purchase Agreement (the "SPA") dated as of April 3, 2005 with the Shivelys. Pursuant to the SPA, the Lotus Fund acquired 3,395,165 shares of Common Stock from Geoff Shively and 5,208,793 shares of Common Stock from Robert N. Shively (together, the "Acquired Shares"). As consideration for the Acquired Shares, the Lotus Fund cancelled an outstanding promissory note in the aggregate principal amount of $630,000 previously issued by the Shivelys to the Lotus Fund.

The foregoing description of the SPA is qualified in its entirety by reference to the SPA which is filed as Exhibit 2 hereto, and incorporated herein by reference.

Upon completion of the acquisition, and together with two warrants to purchase 800,000 shares of Common Stock in the aggregate previously issued by the Company to the Lotus Fund, which are currently exercisable, and other shares of Common Stock owned by the Lotus Fund, the Lotus Fund became the beneficial owner of approximately 43% of the Common Stock and assumed control of the Company from the Shivelys.

In connection with the change in control, (a) the Shivelys entered into the Share Transfer Restriction Agreement described under Item 1.01 above; (b) Geoff Shively resigned as a director from the Company's board of directors (as described under Item 5.02(b) below); (c) the Lotus Fund designated Tydus Richards as a director to fill the resulting vacancy and designated Michael Barker and Bill Davenport as two additional directors to fill existing vacancies on the Company's board of directors; (d) the Lotus Fund will designate a person to be the Company's permanent Chief Executive Officer; and (e) certain employees were terminated from the Company.

ITEM 5.02.    DEPARTURE OF DIRECTORS OR PRINCIPAL OFFICERS; ELECTION OF DIRECTORS; APPOINTMENT OF PRINCIPAL OFFICERS.

(b) On April 3, 2005, Robert N. Shively resigned as President, Treasurer, Chief Executive Officer and Acting Chief Financial Officer of the Company, and Geoff Shively resigned as Chief Scientist and a director of the

Company, effective April 3, 2005. On April 5, 2005, Robert N. Shively also resigned as a director of the Company, effective April 5, 2005.

<div align="center">(Page 3 of 7 Pages)</div>

&lt;PAGE&gt;

    (c) On April 3, 2005, Company's board of directors appointed Luis Curet, previously the Company's Senior Vice President and Head of Sales and Marketing, Acting Chief Executive Officer, effective April 3, 2005, replacing Robert N. Shively. Mr. Curet is 44 years old. He was previously the Vice President of Sales and Corporate Marketing for Rainbow Technologies, Director of North American Sales for Software Spectrum, and began his career at IBM, where he held a variety of sales and marketing positions. On June 10, 2004, the Company entered into an employment agreement with Mr. Curet that remains unchanged by his appointment as Acting Chief Executive Officer and provides for the following: (i) base salary of $165,000; (ii) an option to purchase 225,000 shares of Common Stock with an exercise price of $0.95 and annual vesting over a three-year period; and (iii) opportunity for a $9,167 quarterly bonus based on attaining certain sales goals. This agreement was amended on April 5, 2005 changing the base salary to $150,000 and leaving all other terms unchanged. The foregoing description of Mr. Curet's employment agreement and amendment is qualified in its entirety by reference to the agreement which is filed as Exhibit 10.3 hereto, and incorporated herein by reference.

    On April 5, 2005, the Company's board of directors appointed Tydus Richards, Michael Barker, and William Davenport to fill the vacancies created by the resignations of Robert N. Shively and Geoff Shively as well as one of the two existing vacancies on the board.

    Mr. Richards is the principle founder and Chairman of Lotus Fund, Inc., a Los Angeles based venture capital fund. Prior to founding Lotus, Mr. Richards was a co-founder of Linuxor Funds, a New York based global macro hedge fund specializing in the trading of currency and interest rate derivatives. In addition to managing Linuxor's overall development, Mr. Richards was the primary driver of the fund's extensive and geographically diverse asset/client base. Mr. Richards has over 10-years of experience in building both companies and management teams throughout the United States and abroad.

    Mr. Barker is a Co-Founder of Lotus Fund. Prior to Co-Founding Lotus Fund, Mr. Barker headed the West Americas Region for IBM's WebSphere Product Center Division. The WebSphere Product Center Division was formed following IBM's acquisition of Trigo Technologies for $200MM Cash. Mr. Barker helped build Trigo, the market leader in Product Information Management software, from less than $1MM in revenue to over $16MM in revenue in the year prior to the IBM acquisition. Prior to joining Trigo, Mr. Barker was a Co-Founder and Principal of Bluevector, the venture capital investing arm of marchFIRST. Mr. Barker led several Bluevector investments, including Top Tier, which was sold to SAP for $400MM Cash. Prior to Bluevector, Mr. Barker served as a Director in the Mergers and Acquisitions Division of the CSFB Technology Group (a division of Credit Suisse First Boston Corporation). Prior to the CSFB Technology Group, Mr. Barker served as a Vice President in the Mergers and Acquisitions Division of the DMG Technology Group (a division of Deutsche Bank Securities Inc.). DMG Technology Group was sold to CSFB Technology Group in July 1998. Prior to the DMG Technology Group, Mr. Barker worked in the Mergers, Acquisitions and Restructuring Department of Morgan Stanley & Co., Inc. Over the years, Mr. Barker has provided both strategic and financial advice to such technology companies as Apple, Ascend, Chiron, Computer Associates, Detto, Divine Interventures, Genentech, IBM, Intuit, KLA-Tencor, Netscape, Nortel, PeopleSoft, PLATINUM, Pure Atria, Sybase, Top Tier, Trigo, VLSI and Whitetree. Mr. Barker received a BA in Political Economy of Industrial Societies and a BS in Business

Administration from the University of California at Berkeley.

(Page 4 of 7 Pages)
<PAGE>

Mr. Davenport joined Lotus Fund in November of 2004. Prior to joining Lotus, Mr. Davenport was the CFO and COO of RVCA Corporation. During his 2-year tenure at RVCA Mr. Davenport managed the company's growth from $800K to over $5.5MM in sales. Prior to working with RVCA, Mr. Davenport was securities broker at Roth Capital Partners, a prominent Southern California based investment bank. Mr. Davenport earned an Interdisciplinary Bachelor of Arts in Economics and Latin American Studies from The American University in Washington D.C, and an MBA with a specialization in Finance from Thunderbird: The American Graduate School of International Management. Mr. Davenport is a Candidate for the CFA Level 1 Examination.

ITEM 9.01  FINANCIAL STATEMENTS AND EXHIBITS.

(c)  Exhibits.

| | |
|---|---|
| 2 | Stock Purchase Agreement dated as of April 3, 2005 by and between Geoff Shively and Robert N. Shively and Lotus Fund, Inc. |
| 10.1 | Amendment to Promissory Note and Revolving Loan Agreement effective as of January 20, 2005 by and among Robert N. Shively, Geoff Shively and the Company. |
| 10.2 | Letter Agreement dated as of April 3, 2005 by and among Robert N. Shively, Geoff Shively and the Company. |
| 10.3 | Employment Agreement dated as of June 10, 2004 by and between the Company and Luis Curet and April 5, 2005 Amendment letter. |
| 16 | Letter dated April 6, 2005 from Singer Lewak Greenbaum & Goldstein LLP. |

(Page 5 of 7 Pages)
<PAGE>

SIGNATURE

Pursuant to the requirements of the Securities Exchange Act of 1934, the Registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

PIVX SOLUTIONS, INC.
(Registrant)

By: /s/ Scott D. Olson
--------------------------------
Name: Scott D. Olson
Title: General Counsel and Secretary

Date:  April 7, 2005

(Page 6 of 7 Pages)
<PAGE>

EXHIBIT INDEX
-------------

| Exhibit Number | Description |
| ------ | ----------- |
| 2 | Stock Purchase Agreement dated as of April 3, 2005 by and between Geoff Shively and Robert N. Shively and Lotus Fund, Inc. |
| 10.1 | Amendment to Promissory Note and Revolving Loan Agreement effective as of January 20, 2005 by and among Robert N. Shively, Geoff Shively and the Company. |
| 10.2 | Letter Agreement dated as of April 3, 2005 by and among Robert N. Shively, Geoff Shively and the Company. |
| 10.3 | Employment Agreement dated as of June 10, 2004 by and between the Company and Luis Curet and April 5, 2005 Amendment letter. |
| 16 | Letter dated April 6, 2005 from Singer Lewak Greenbaum & Goldstein LLP. |

(Page 7 of 7 Pages)

```
</TEXT>
</DOCUMENT>
```

# EXHIBIT J

 

**WhitePages.com**™
search. find. connect.

ACCOUNT | SERVICES |   LOGIN
                        REGISTER

Weight Watchers®    **No forbidden foods.**
                    **No required foods.**        ▸ Go!

| People Search | Business Search | Email Search | Reverse Phone | Reverse Address | Area & ZIP Codes | Tools & Resources |
|---|---|---|---|---|---|---|

People Searches  |  Find Neighbors  |  International Directories

< NEW SEARCH                          **Find Tydus Richards Email Address. Click here >**

Photos of Singles In Los Angeles, CA

**1 Result** matching "Tydus Richards, Los Angeles, CA, United States"

**Need help finding Tydus Richards?**

**Richards, Tydus**
Job title:   *unavailable*
Company:   Lotus Fund

300 S Grand Ave
Los Angeles, CA 90071-3109
(213) 687-2626

**View More Records for Tydus Richards**
- **Try Tydus Richards, Age 49**

**View 1 additional record for Tydus Richards**

**Powered by 1.800.US.Search**

SPONSORED LINKS

SunTrust Checking. Member FDIC.
suntrust.com

Find Tydus Richards's Email Address

Help us improve.

**Is this listing accurate?**



**BONUS! FREE ROUTER!**

**Unlimited local & long distance calling**

only $24.99/month

**Try 1 Month FREE!**

**Vonage**



**FREE LG CE110**
Camera phone

▸ Bluetooth® Capable  ▸ Speakerphone
▸ VGA Camera w/ 4x zoom  ▸ Mobile Email, IM, & MM

Get One Now              at&t

SOME RESTRICTIONS APPLY

**Local Information for Los Angeles, CA**

Pick a Los Angeles Restaurant
Find Los Angeles Hotels
Los Angeles Hospitals

# EXHIBIT K



# EXHIBIT L



| ADMISSIONS | ACADEMICS | STUDENTS | FACULTY | ALUMNI & FRIENDS | CAREER PLANNING |

# Fordham Law
Directory
Lincoln Center I New York City

## Faculty Information

Search Directory
Administration
Full-time Faculty
Adjunct Faculty
Staff
Telephone
Directory

Calendar
Google® Search

**James D. Yellen , Esq.**
Adjunct Professor of Law

Tel. 914-225-5564

 SEND EMAIL

James Yellen is a former Executive Director and Senior Attorney in the Law Division at Morgan Stanley, where he represented the firm in litigation, regulatory, arbitration and advisory matters. He received his law degree from Fordham Law School, where he teaches a course in legal writing and research. He has lectured extensively and participated in panels on various securities related issues. He is the Co-Chair of the New York State Bar Associations Securities Law Committee and is on the Board of Editors of the Securities Arbitration Commentator.

**Professional Affiliations:**

Co-Chair, New York State Bar Associations Securities Law Committee

Board of Editors of the Securities Arbitration Commentator

**Education:**

Fordham University School of Law, J.D., 1983

License, University of Navy, France 1979

St. Lawrence University, Canton, NY, M.Ed., 1978

St. Lawrence University, B.A., 1977

# EXHIBIT M



NFA Manual / Rules | Registration | Compliance | Dispute Resolution | Broker/ Firm Information (BASIC)

News Center | Member Services | Investor Information | eMarket Services | International | About NFA

**NATIONAL FUTURES ASSOCIATION**

## Case Summary

**BASIC**

» BASIC Home / Search
» File A Complaint
» Help
» FAQ
» Glossary
» Contact Information
» General Search Tips
» Investor Services
» Firms Disciplined for Sales Practice Fraud
» Feedback
» Terms of Use
» Privacy Statement

Search History

**Get Adobe Reader** The BASIC system utilizes Adobe Acrobat for viewing certain documents. Click here to download Adobe Acrobat reader.

**HENRY MARINGER**             **CFTC 86-36**                    **NFA ID: 0007770**

### Respondent/Effective Date Summary

| NFA ID | Respondent | Effective Date |
|--------|-----------|----------------|
| 0029421 | BALLARD, TERENCE R | 03/27/1987 |
| 0042300 | BARBEE, PHILIP L | 03/27/1987 |
| 0040599 | BRADY, MICHAEL PETER | 01/19/1989 |
| 0044188 | BROWER, GEORGE ELLSWORTH II | 03/27/1987 |
| 0081611 | CARDIN, JACKSON EUGENE | 03/27/1987 |
| 0002010 | CONTICOMMODITY SERVICES INC | 09/30/1986 |
| 0006836 | EVERS, HERBERT | 09/30/1986 |
| 0042093 | GERAGHTY, JOHN JOSEPH | 03/27/1987 |
| 0063155 | HARRISON, STEPHEN E | 09/30/1986 |
| 0007770 | MARINGER, HENRY | 09/30/1986 |
| 0038728 | MCCABE, EDWARD GLEN | 03/27/1987 |
| 0022937 | STAIN, ROBERT D | 09/30/1986 |
| 0037551 | VERNIER, DARCY A | 01/19/1989 |

### Rule Summary

| NFA ID | Respondent | Rule Type |
|--------|-----------|-----------|
| 0029421 | BALLARD, TERENCE R | • CFTC30.02 - NON-CONTRACT MARKET FRAUD<br>• CFTC166.3 - FAILURE TO SUPERVISE<br>• CFTC1.56(c) - GUARANTEE AGAINST LOSS PROHIBITED<br>• CEA 4b(A) - CHEATING OR DEFRAUDING |
| 0042300 | BARBEE, PHILIP L | • CFTC166.3 - FAILURE TO SUPERVISE |
| 0040599 | BRADY, MICHAEL PETER | • CFTC30.02 - NON-CONTRACT MARKET FRAUD<br>• CEA 4b(A) - CHEATING OR DEFRAUDING |
| 0044188 | BROWER, GEORGE ELLSWORTH II | • CFTC30.02 - NON-CONTRACT MARKET FRAUD<br>• CFTC1.56(c) - GUARANTEE AGAINST LOSS PROHIBITED<br>• CEA 4b(A) - CHEATING OR DEFRAUDING |
| 0081611 | CARDIN, JACKSON EUGENE | • CFTC30.02 - NON-CONTRACT MARKET FRAUD<br>• CEA 4b(A) - CHEATING OR DEFRAUDING<br>• CFTC166.3 - FAILURE TO SUPERVISE<br>• CFTC1.56(c) - GUARANTEE AGAINST LOSS PROHIBITED |
| 0006836 | EVERS, HERBERT | • CFTC166.3 - FAILURE TO SUPERVISE |
| 0042093 | GERAGHTY, JOHN JOSEPH | • CFTC166.3 - FAILURE TO SUPERVISE |

| NFA ID | Respondent | |
|---|---|---|
| | | • CFTC30.02 - NON-CONTRACT MARKET FRAUD |
| | | • CEA 4b(A) - CHEATING OR DEFRAUDING |
| | | • CFTC1.56(c) - GUARANTEE AGAINST LOSS PROHIBITED |
| 0063155 | HARRISON, STEPHEN E | • CFTC166.3 - FAILURE TO SUPERVISE |
| 0007770 | MARINGER, HENRY | • CFTC166.3 - FAILURE TO SUPERVISE |
| 0038728 | MCCABE, EDWARD GLEN | • CEA 4b(A) - CHEATING OR DEFRAUDING |
| | | • CFTC166.3 - FAILURE TO SUPERVISE |
| | | • CFTC30.02 - NON-CONTRACT MARKET FRAUD |
| | | • CFTC1.56(c) - GUARANTEE AGAINST LOSS PROHIBITED |
| 0022937 | STAIN, ROBERT D | • CEA 4g(1) - FAILURE TO KEEP PROPER BOOKS AND RECORDS |
| | | • CFTC1.46(a) - FCM FAILS TO OFFSET LONG/SHORT POSITIONS |
| | | • CFTC166.3 - FAILURE TO SUPERVISE |
| 0037551 | VERNIER, DARCY A | • CEA 4b(A) - CHEATING OR DEFRAUDING |
| | | • CFTC30.02 - NON-CONTRACT MARKET FRAUD |
| | | • CFTC1.56(c) - GUARANTEE AGAINST LOSS PROHIBITED |

### Action Summary

| NFA ID | Respondent | Action Types |
|---|---|---|
| 0029421 | BALLARD, TERENCE R | • CFTC ADMINISTRATIVE ACTION |
| 0042300 | BARBEE, PHILIP L | • CFTC ADMINISTRATIVE ACTION |
| 0040599 | BRADY, MICHAEL PETER | • CFTC ADMINISTRATIVE ACTION |
| 0044188 | BROWER, GEORGE ELLSWORTH II | • CFTC ADMINISTRATIVE ACTION |
| 0081611 | CARDIN, JACKSON EUGENE | • CFTC ADMINISTRATIVE ACTION |
| 0002010 | CONTICOMMODITY SERVICES INC | • CFTC ADMINISTRATIVE ACTION |
| 0006836 | EVERS, HERBERT | • CFTC ADMINISTRATIVE ACTION |
| 0042093 | GERAGHTY, JOHN JOSEPH | • CFTC ADMINISTRATIVE ACTION |
| 0063155 | HARRISON, STEPHEN E | • CFTC ADMINISTRATIVE ACTION |
| 0007770 | MARINGER, HENRY | • CFTC ADMINISTRATIVE ACTION |
| 0038728 | MCCABE, EDWARD GLEN | • CFTC ADMINISTRATIVE ACTION |
| 0022937 | STAIN, ROBERT D | • CFTC ADMINISTRATIVE ACTION |
| 0037551 | VERNIER, DARCY A | • CFTC ADMINISTRATIVE ACTION |

### Penalty/Event Summary

| NFA ID | Respondent | Penalty/Event | Event Date |
|---|---|---|---|
| 0029421 | BALLARD, TERENCE R | • TRADING PRIVILEGES SUSPENDED 6 MTHS | |
| | | • FINE $5000 | |
| | | • CEASE AND DESIST ORDER | |
| 0042300 | BARBEE, PHILIP L | • FINE $5000 | |
| | | • TRADING PRIVILEGES SUSPENDED 2 WKS | |
| | | • CEASE AND DESIST ORDER | |
| 0040599 | BRADY, MICHAEL PETER | • CEASE AND DESIST | |

| | | |
|---|---|---|
| | | ORDER<br>• TRADING PRIVILEGES SUSPENDED 6 MTHS<br>• FINE $5000 |
| 0044188 | BROWER, GEORGE ELLSWORTH II | • REGISTRATION SUSPENDED 1 MTHS<br>• CEASE AND DESIST ORDER<br>• TRADING PRIVILEGES SUSPENDED 2 WKS<br>• FINE $2500 |
| 0081611 | CARDIN, JACKSON EUGENE | • TRADING PRIVILEGES SUSPENDED 2 WKS<br>• CEASE AND DESIST ORDER<br>• REGISTRATION SUSPENDED 2 MTHS<br>• FINE $50000 |
| 0002010 | CONTICOMMODITY SERVICES INC | • OTHER (SEE NARRATIVE) |
| 0006836 | EVERS, HERBERT | • FINE $25000<br>• CEASE AND DESIST ORDER<br>• TRADING PRIVILEGES SUSPENDED 2 WKS |
| 0042093 | GERAGHTY, JOHN JOSEPH | • TRADING PRIVILEGES SUSPENDED 6 MTHS<br>• CEASE AND DESIST ORDER<br>• FINE $5000 |
| 0063155 | HARRISON, STEPHEN E | • CEASE AND DESIST ORDER<br>• TRADING PRIVILEGES SUSPENDED 2 WKS<br>• FINE $10000 |
| 0007770 | MARINGER, HENRY | • CEASE AND DESIST ORDER<br>• TRADING PRIVILEGES SUSPENDED 2 WKS<br>• FINE $10000 |
| 0038728 | MCCABE, EDWARD GLEN | • TRADING PRIVILEGES SUSPENDED 2 WKS<br>• CEASE AND DESIST ORDER<br>• FINE $50000<br>• REGISTRATION SUSPENDED 3 MTHS |
| 0022937 | STAIN, ROBERT D | • CEASE AND DESIST ORDER<br>• TRADING PRIVILEGES SUSPENDED 2 WKS<br>• FINE $25000 |
| 0037551 | VERNIER, DARCY A | • TRADING PRIVILEGES SUSPENDED 6 MTHS<br>• CEASE AND DESIST ORDER |

**Narrative Summary**

**General Case Narrative**

Release: 2617-86 October 1, 1986

CFTC Docket #85-12 and #86-36

Washington—The Commodity Futures Trading Commission announced today that it has accepted the offer of settlement of ContiCommodity Services, Inc., in the case alleging manipulation of the silver market, In the Matter of Nelson Bunker Hunt, et al., CFTC Docket No. 85-12 originally filed in February 1985, and in a separate case filed today that alleged fraud, recordkeeping and reporting violations with respect to Conti's sugar arbitrage trading program, In the Matter of ContiCommodity Services, Inc., et al.

Without admitting or denying the allegations in either matter, Conti consented to the entry of cease and desist orders as to all violations alleged in both cases, and agreed to pay a civil penalty of $1.5 million, the largest civil penalty ever imposed by the Commission. Conti also undertook, among other things, to continue to wind down its business as a futures commission merchant, and never to seek registration with the Commission in any capacity.

In the case alleging manipulation of the silver market, Conti, along with eight others, was charged with manipulating the prices of silver futures and silver bullion during 1979 and 1980 in violation of Sections 6(b), 9(b) and 13(a) of the Commodity Exchange Act (Act). Conti was also charged with violation of Commission Regulation 166.3 for failing to supervise a Conti account executive and floor broker who was named as a respondent in that matter in February 1985.

The additional administrative complaint filed today alleges that Conti violated the antifraud, recordkeeping and reporting provisions of the Act (Sections 4b(A), 4g(1), and 4(f) of the Act and Regulations 1.56, 1.46, 1.33, 1.35(a-1), 17.00, 1.16, 1.17, 1.18, 30.02 and 166.3). In connection with its program involving arbitrage trading of soft commodities, principally sugar and cocoa, on New York and London exchanges from 1982 to 1984, Conti and various of its associated persons were charged with making fraudulent representations concerning the competence and experience of its traders in the program, assurances regarding specified rates of return, misstatements about the program's risk and misrepresentations concerning the administration of the hedging program.

The individual Conti employees named in the complaint are: Terence Ballard, Philip Barbee, Michael P. Brady, George Brower, Jackson Cardin, Herbert Evers, John Geraghty, Stephen Harrison, Edward McCabe, Henry Maringer, Robert Stain, and

Darcy Vernier.

Evers, Harrison, Maringer and Stain, former senior management officials of Conti, also submitted offers of settlement accepted by the Commission today. Without admitting or denying the allegations in the complaint, they consented to the entry of an order of the Commission finding that they violated Commission Regulation 166.3, failure to supervise. The Order directs them to cease and desist from further violations of Regulation 166.3 and orders them to pay civil penalties of $25,000, $10,000, $10,000 and $25,000, respectively. In addition, Stain is charged with failure to close out offsetting long and short positions in violation of Regulation 1.46 and with violating the reporting and recordkeeping requirements of the Act (Section 4(g)1). Stain, without admitting or denying the allegations of the complaint against him, also consented to findings that he violated Section 4(g)1 of the Act and Regulation 1.46(a), and agreed to cease and desist from further violations of these same provisions.

Ballard, Brower, Brady, Cardin, Geraghty, Vernier, and McCabe are charged with violations of the antifraud provision of the Act, Section 4b; and the foreign futures antifraud provision of the regulations, Regulation 30.02; and making guarantees against loss, or limiting loss in violation of Regulation 1.56 (except Brady). Ballard, Barbee, Cardin, Geraghty and McCabe are alleged to have violated Regulation 166.3, failure to supervise.

**Printer Friendly Version**

Site Index | Links | Contact NFA | Privacy | What's New | Home

©2003-2004 National Futures Association

# EXHIBIT N

# NFA) NATIONAL FUTURES ASSOCIATION

December 5, 2006

Mr. Paul Bazil
Pickard and Djinis LLLP
1990 M Street, N.W.
Washington, D.C. 20036

Mr. Edward White
Hartman & Craven LLP
488 Madison Avenue
New York, New York 10022

Re:  05-ARB-107 – McCarthy Investments LLC v. Linuxor Asset Mgmt., et al.
     05-ARB-132 – JFM Holdings L.P. v. Linuxor Asset Mgmt. LLC, et al.
     05-ARB-133 – 2001 Jane F. MCarthey Grat No. 5 v. Linuxor Asset Mgmt.
     et al.

Dear Messrs. Bazil and White:

NFA has scheduled the final arbitration hearing sessions for:

Date:     January 23, 2007          Time:  9:00 a.m. each day
          January 24, 2007

Address:  National Futures Association
          120 Broadway – Suite 1125
          New York, New York 10271

Before:   Stephen F. Selig, Chairperson
          Henry Maringer
          James D. Yellen

Please attend promptly with your witnesses and be prepared to present your evidence. The Arbitrators have arranged their schedules to hear this matter so it is important for everyone to appear on the date scheduled. If you find it necessary to ask for a postponement of the hearing, you must submit a written request to NFA and include a $250 fee. NFA will forward your postponement request to the Panel, and will promptly notify you of the decision.

If you have any questions, please contact me at (312) 781-1481.

Sincerely,

Heather A. Cook
Senior Case Analyst

hab/05107hear
Enclosure

cc:  Stephen Selig (w/o encl.)
     Henry Maringer (w/o encl.)
     James Yellen ( w/o encl.)

# EXHIBIT O

# HARTMAN & CRAVEN LLP

488 MADISON AVENUE
NEW YORK, N.Y. 10022

TEL: (212) 753-7500
FAX: (212) 688-2870
WWW.HARTMANCRAVEN.COM

Edward A. White, Partner
Direct Line: (212) 754-6911
ewhite@hartmancraven.com

January 9, 2007

By Fed Ex
Heather A. Cook
Senior Case Analyst
National Futures Association
200 West Madison Street, Suite 1600
Chicago, Illinois 60606

Re: 05-ARB-107 - McCarthey Investments, LLC v. Linuxor Asset Mgmt., LLC, et al.
05-ARB-132 - JFM Holdings L.P. v. Linuxor Asset Mgmt., LLC, et al.
05-ARB-133 - 2001 Jane F. McCarthey GRAT No. 5 v. Linuxor Asset Mgmt., LLC, et al.

Dear Ms. Cook:

On behalf of Respondents, Linuxor Asset Management, LLC, Linuxor Capital Management, LLC and Abbas A. Shah, I am writing to request an adjournment of the continued hearings of the above-named arbitrations (the "Arbitrations"). The continued hearings are now scheduled for January 23 and 24. I request an adjournment until March or April to allow my clients time to raise additional funds to proceed.

Granting this adjournment will permit Respondents the time they need to raise additional funds for long overdue legal fees. Respondents' finances, which were limited to begin with, are now depleted from expenses incurred in defending both these proceedings and the CFTC action, making it necessary for Respondents to borrow funds to continue to pay their attorneys' fees. Respondents have exhausted all of their resources, and now, they face the very real possibility that they will not be able to afford to present their defenses. If these proceedings are adjourned, Respondents tell me that they expect to be able to raise money to fund their defense in both proceedings.

With this in mind, Respondents request that the two hearing dates, currently scheduled for January 23 and 24, be stayed until March.

I enclosed a copy of the affidavit of Abbas Shah in support of this request.

Thank you for your attention to this matter, and please call if you wish to discuss any of this further.

Very truly yours,

Ed White

Edward White

cc: Anthony W. Djinis, Esq.
G:\30002\300\NFA\NFA ltr 1 9 07.doc

# EXHIBIT P



IN ARBITRATION
BEFORE
NATIONAL FUTURES ASSOCIATION

McCarthey Investments, LLC.,  )
                    Claimant,  )
                               )
                               )    05-ARB-107
                               )
          v.                   )
                               )
Linuxor Asset Management LLC., )
Linuxor Capital Management, LLC,)
Adam Bornstein, and Abbas Shah,)
                    Respondents.)
                               )    Consolidated for Hearing
                               )
─────────────────────────────  )
                               )
JFM Holdings, LP,              )
                    Claimant,  )
                               )
                               )    05-ARB-132
          v.                   )
                               )
Linuxor Asset Management LLC., )
Linuxor Capital Management, LLC,)
Adam Bornstein, and Abbas Shah,)
                    Respondents.)
                               )    Consolidated for Hearing
─────────────────────────────  )
                               )
2001 Jane F. McCarthey GRAT. No. 5, )
                    Claimant,  )
                               )
                               )    05-ARB-133
          v.                   )
                               )
Linuxor Asset Management LLC., )
Linuxor Capital Management, LLC,)
Adam Bornstein, and Abbas Shah,)
                    Respondents.)
                               )

## ORDER

        We, the arbitrators appointed to review and determine this matter, have
considered Respondents' request for postponement of the final hearing sessions and
Claimants' objections.

The Panel denies Respondents' request. The final two hearing sessions will take place as scheduled January 23 and 24, 2007.

Dated: _Jan 16, 2007_

By: _____

Charles P. Nastro, Chairperson
On behalf of the Panel

# EXHIBIT Q

# PICKARD AND DJINIS LLP

ATTORNEYS AT LAW

1990 M STREET, N. W.

WASHINGTON, D. C. 20036

TELEPHONE
(202) 223-4418

August 26, 2005

TELECOPIER
(202) 331-3813

Via Facsimile (312-658-4111) & Overnight Mail

Arbitration Department
National Futures Association
200 West Madison Street, Suite 1600
Chicago, IL 60606

     Re:    Arbitration Claim

Dear Arbitration Department:

    Enclosed for filing is McCarthey Investments LLC, et.al.'s Arbitration Claim Form, Statement of Claim, Certificate of Service and Exhibit. A copy of these documents has been mailed to all Respondents to the addresses listed in the Certificate of Service.

    The requisite fee of $1,550.00 in the name of McCarthey Investments LLC will be promptly wired to the NFA's bank account.

    If you have any questions, please call the undersigned or Paul J. Bazil at 202-223-4418.

               Very Truly Yours,

               Anthony W. Djinis

Enclosures

EX. N