USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/2/07

PICKARD AND DJINIS LLP

ATTORNEYS AT LAW

1990 M STREET, N.W.

WASHINGTON, D.C. 20036


MEMO ENDORSED

TELEPHONE
(202) 223-4418

TELECOPIER
(202) 331-3813

October 1, 2007


RECEIVED OCT - 2 2007 CHAMBERS OF DENISE COTE

By U.S. Mail
Hon. Denise Cote
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007

Re: McCarthey Investments LLC v. Abbas A. Shah, Linuxor Asset Management, LLC and Linuxor Capital Management, LLC; USDC, SDNY case no. 07 CIV 5617.

2001 Jane F. McCarthey GRAT No. 5 v. Abbas A. Shah, Linuxor Asset Management, LLC and Linuxor Capital Management, LLC; USDC, SDNY case no. 07 CIV 5618.

JFM Holdings, L.P. v. Abbas A. Shah, Linuxor Asset Management, LLC and Linuxor Capital Management, LLC; USDC, SDNY case no. 07 CIV 5619.

Dear Judge Cote:

I represent Petitioners McCarthey Investments LLC, 2001 Jane F. McCarthey GRAT No. 5 and JFM Holdings, L.P. in connection with the above-referenced actions.

Please find enclosed two courtesy copies of Petitioners' Reply Memorandum to Respondents' forty-four page Memorandum of Law in Opposition to Petition to Confirm Arbitration Awards. The Reply Memorandum has been electronically filed with the Court and has also been served upon Respondents' counsel by First Class mail and sent by email.

Petitioners respectfully request leave of this Court to file Petitioners' Reply Memorandum which is in excess of ten pages. Although Petitioners believe that the Court will determine that the arguments made by Respondents in opposition to the arbitration awards are untimely under the Federal Arbitration Act, in an abundance of caution, Petitioners have carefully briefed the relevant facts and case law to show why Respondents' arguments are meritless.

*Granted. Denise Cote 10/2/07*

Further, Petitioners note that in Respondents' September 10, 2007 letter to the Court, Respondents requested oral argument in connection with the Petitions to Confirm Arbitration Awards. Petitioners respectfully oppose Respondents' request for oral

argument. Petitioners believe that, for the reasons set forth in the Petitions and Petitioners' Reply Memorandum, this Court's confirmation of the arbitration awards should be routine and oral argument would not provide any further assistance to the Court.

      Finally, Petitioners respectfully request leave to amend each Petition to Confirm Arbitration Award. Petitioners request such leave in order to include in each Petition a plain statement pursuant to Federal Rule of Civil Procedure 8(a)(1) of the grounds upon which this Court has jurisdiction over this matter. As explained in detail in the enclosed courtesy copies of Petitioners' Reply Memorandum, this Court has jurisdiction based on 28 U.S.C. § 1332, in that the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000 for each Petition. Petitioners' request of this Court for leave to amend is based upon Federal Rule of Civil Procedure 15(a), which in pertinent part states, "a party may amend the party's pleading only by leave of Court ... and leave shall be freely given when justice so requires." Federal Rule of Civil Procedure 15(a). We note that in Bears Stearns Home Equity Trust v. First Union Home Equity Bank, 2002 U.S. Dist. LEXIS 10047 (S.D.N.Y. 2002) to ascertain the basis for plaintiff's assertion of subject matter jurisdiction, where it appeared that the pleading did not sufficiently set forth the Court's jurisdiction of the subject matter, plaintiff was ordered to file and serve an amended pleading containing allegations sufficient to demonstrate a basis for subject matter jurisdiction. The Amended Petitions to Confirm Arbitration Award should make any such order unnecessary.[1] Enclosed herewith is an Amended Petition to Confirm Arbitration Award for each Petitioner.

      Very truly yours,

      Anthony W. Djinis

[handwritten margin note: Will reserve decision until 10/5/07. Denise Cote 10/2/07]

Enclosures

cc.:   Charles Manuel, Esq.
      Shiboleth, Yisraeli, Roberts & Zisman, LLP
      1 Penn Plaza
      Suite 2527
      New York, NY 10119

---

[1] "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Forman v. Davis, 371 U.S. 178, 182 (1962).